# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### APRIL SESSION, 1999

FILED

May 6, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **JIMMY SILLS,** | **)** | **C.C.A. NO. 01C01-9810-CC-00434** |
| | **)** | |
| Appellant, | **)** | |
| | **)** | |
| | **)** | **HICKMAN COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. TIMOTHY L. EASTER,** |
| **STATE OF TENNESSEE &** | **)** | **JUDGE** |
| **JACK MORGAN, WARDEN,** | **)** | |
| | **)** | |
| Appellees. | **)** | (Habeas Corpus) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF HICKMAN COUNTY

FOR THE APPELLANT:

JIMMY SILLS
Pro Se
Route #1
Only, TN 37140-9709

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LUCIAN D. GEISE
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

JOE D. BAUGH, JR.
District Attorney General

RONALD L. DAVIS
Assistant District Attorney
Williamson County Courthouse, G-6
Franklin, TN 37064

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Jimmy Sills, appeals the trial court's summary dismissal of his petition for writ of habeas corpus. In his pro se brief to this Court, Defendant argues that his convictions for first degree murder and for use of a firearm during commission of a felony violate double jeopardy because the use of a firearm is an essential element of first degree murder. For the same reasons this issue was previously determined to be without merit, we affirm the judgment of the trial court.

## I. DOUBLE JEOPARDY

In June 1985, a Hamilton County Grand Jury indicted Defendant for the first degree murder of Frank Bentley, Sr. by use of a firearm. On February 5, 1986, a jury convicted Defendant of first degree murder pursuant to Tennessee Code Annotated § 39-2-202(a), and use of a firearm during commission of a felony pursuant to § 39-6-1710(a)(1).[1] Defendant challenged his convictions on direct appeal, and this Court determined that because "[m]urder in the first degree may be committed without the employment of a firearm," and because "there is no provision in law for enhancement of the punishment for murder in the first degree, T.C.A. 39-6-1710(a)(1) was properly applied." State v. Jimmy Sills, Hamilton Criminal No. 984, 1987 WL 5334, at *3 (Jan. 13, 1987) (previous opinion vacated and re-entered in full on January 30, 1990 by State v. Jimmy Sills, No. 1146, 1990 WL 5683 (Jan. 30, 1990)).

---

[1] Former Tennessee Code Annotated § 39-6-1710(a)(1) provided that "[a]ny person who employs any firearm . . . while committing . . . a felony is guilty of a felony, and on conviction of the first offense shall be punished by imprisonment in the penitentiary for five (5) years." Tenn. Code Ann. § 39-6-1710(a)(1).

Defendant contends that this finding by the Court on direct appeal did not address the issue of double jeopardy. We disagree. It appears that Defendant's argument on direct appeal was that "the [trial] court erred by instructing the jury on the use of a firearm in the commission of a felony because the possession and use of a firearm is an essential element of the offense of first degree murder charged in this case." See id. at *3 (emphasis added). Clearly, as the issue was framed and examined, we addressed the issue of double jeopardy. Therefore, this issue has been previously addressed by this Court and found to be without merit. We again conclude that the issue lacks merit.

## II. DUE PROCESS

Next, we briefly address Defendant's contention, included in his petition for writ of habeas corpus but not briefed on appeal to this Court, that "the jury convicted the petitioner of two (2) offenses: murder in the first degree and use of a firearm while in commission of a felony, while the Grand Jury only returned a one (1) count indictment for murder by use of a firearm," which seems to pose a due process argument.

Former Tennessee Code Annotated § 39-6-1710 also required that "[a]ny person who is arrested for committing any felony while using a firearm must also be charged under the provisions of this section." Id. § 39-6-1710(a)(4). Although Defendant was not indicted in two separate counts, this Court concluded on direct appeal that Defendant was "on notice" of the additional penalty due to the wording of the original indictment for murder. Sills, 1987 WL 5334, at *3. That opinion reflects that because the indictment charged him with "first degree murder by use of a firearm, to wit, a pistol," Defendant was "therefore on notice

that if convicted of the alleged crime, accomplished by use of a firearm, the enhancement provided in T.C.A. § 39-6-1710(a)(1) applied."

In addition to this Court's previous determination that the one-count indictment placed Defendant on notice of the additional penalty for use of a firearm; we note that the Tennessee Supreme Court discussed the issue in State v. Hudson, 562 S.W.2d 416 (Tenn. 1978).[2] The supreme court held that § 39-6-1710(a)(1) "d[id] not create a new felony," "but provide[d] only for increased punishment." Id. at 419.[3] Therefore, Defendant was not convicted for an offense for which he was not indicted.[4] We again conclude that this issue lacks merit.

Because the issue presented by Defendant on this appeal was previously determined by this Court on direct appeal, we believe the "law of the case doctrine" could preclude revisiting the issue. See Memphis Publ'g. Co. v.

_____

[2] Defendant relies upon Hudson to support his double jeopardy argument. Hudson is distinguishable from this case for double jeopardy purposes because the principal felony in Hudson, armed robbery, was a felony "for which the law already prescribes an enhanced penalty for the offender who commits such felonies by means of a firearm." Hudson, 562 S.W.2d at 419. In this case, as determined on direct appeal, first degree murder does not require use of a firearm; or, in the language of Hudson, the law did not prescribe an enhanced punishment for the offender who committed murder by means of a firearm.

[3] The court recognized the ambiguous nature and inartful drafting of § 39-6-1710(a)(1) when it stated,

> The obvious purpose of this enactment was to provide additional punishment for one who employs a firearm as a means of committing a felony. It could have been achieved more easily if the legislature had not included the language " . . . is guilty of a felony, . . . ." It certainly was not necessary to include that language in order to provide such additional punishment. To give a literal interpretation to the quoted phrase results, of course, in the conclusion that this statute creates and defines a new felony that is separate and distinct from the "principal" felony which is committed by means of a firearm. . . . [W]e conclude that the statute should be given a construction that will render it constitutional and effective to carry out the obvious legislative intent.

Hudson, 562 S.W.2d at 418-19.

[4] Finally, of course, had such a due process argument borne merit, it nevertheless would have been inappropriate for habeas corpus relief because Defendant is currently confined under a lawful sentence of life imprisonment for first degree murder.

-4-

Tennessee Petroleum, 975 S.W.2d 303, 306 (Tenn. 1998). Nevertheless, we have revisited the issue and find it to be without merit. The judgment of the trial court is affirmed.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
JAMES CURWOOD WITT, JUDGE